


Darren Del Nero
1140 Wall Street, Box 77
La Jolla, CA 92038
Tel: 916.674.9865

Specially Appearing Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN DEL NERO,<br>Plaintiff<br>vs.<br>ALLSTATE INSURANCE COMPANY,<br>Defendant. | **Case No.: 00-09068-AHM (AIJx)**<br><br>**MOTION TO SEAL PARTIAL RECORD** |

PLEASE TAKE NOTICE, PLAINTIFF, DARREN DEL NERO, hereby files his motion to seal a portion of the record containing private information.

## INTRODUCTION

Plaintiff's specially appears before this court since his previously retained counsel was first suspended, and then disbarred due largely in part to conduct concerning this case. While reviewing various records it was discovered social security number information, and date of birth information is contained in the instant case. *See* Docket Entry 4, Exhibit 2, Document 4.

Plaintiff brought this matter up to defense counsel requesting it seek to seal the record. On or about May 24, 2012, Mike Pollak emailed in part, "Our motion was filed in 2000 or 2001, which was before any of the statutes and rules were enacted. Also, our firm's files have since been discarded." It is understandable if counsel does not have a record of this matter, but this does not change the fact private information is present. As such, Plaintiff merely seeks to seal a portion of the record that contains private information.

## I. THE PARTIAL RECORD SHOULD BE SEALED SINCE PRIVATE INFORMATION IS PRESENT IN THE RECORD

Privacy rights, along with trade secrets and other limited types of rights, have long been held to warrant sealing of records. *See, e.g., Nixon v.Warner Communications, Inc.*, 435 U.S. at 598; *Brown & Williamson Tobacco Corp. v. F.T.C.* (6th Cir. 1983) 710 F.2d 1165, 117 cert. denied, 465 U.S. 1100 (1984).

The Central District enacted such precautions to prevent identity theft. Rules state counsel shall refrain filing records with personal information or other must redact such as required under Local Rule 79-5.4(a) [social security number], (c) [date of birth], and (e) [home address information] all require redaction of such records. Likewise, Federal Rule of Civil Procedure Rule § 5.2(a) requires redaction of private information as well.

Similarly, California Code of Procedure § 1798.85, were enacted to prevent lodgment of social security number information as a public record. Further, California Rule of Court 1.20 dictates that social security numbers are redacted from documents filed with the court. California Rule of Court 1.20 (b)(3) places the responsibility of redacting a social security number with "the parties and their attorneys."

In the instant case, Docket Entry 4 is a motion to transfer the case to the Southern District of Nevada. Exhibit 2, Document 4 of Docket Entry 4[1] contains private information that is barred from being a public record and should be sealed.

## CONCLUSION

It is for the above reasons this motion should be granted since the records sought to be sealed are clearly within the purview of record laws were enacted to prevent being disclosed. As such Plaintiff requests this motion is granted.

Dated: July 9, 2012

Respectfully submitted,

Darren Del Nero
Plaintiff

[1] Plaintiff requests this court take judicial notice of Docket Entry 4. A court may take judicial notice of its own files. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)

**Case No. 00-09068-AHM (AIJx)**
**PROOF OF SERVICE BY MAIL - CCP § 1013a (3)**

I the undersigned declares as follows: I am employed in the County of LOS ANGELES, State of CALIFORNIA where this mailing will occur; I am over the age of eighteen (18) years and not a party to the cause; my business address is 1140 Wall Street, Box 77, La Jolla, Ca 92038.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and the fact that the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business.

On July 9, 2012, I served the foregoing **MOTION TO SEAL PARTIAL RECORD AND PROPOSED ORDER** on the interested parties in this action by placing the correspondence in a sealed envelope on this date in the County of San Diego, and placing it for deposit with the United States Postal Service. This sealed envelope with postage fully prepaid was then placed for collection and mailing on this date following ordinary business practices addressed as follows:

**Clerk of the Court**
**U.S. District Court**
**312 North Spring Street**
**Los Angeles, CA 90012**

**Mike Pollak**
**Pollak, Vida & Fisher**
**11150 West Olympic Blvd**
**Suite 980**
**Los Angeles, CA 90064**

I am aware that service made pursuant to Code of Civil Procedure § 1013a(3) upon motion of a party served shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I certify and declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed July 9, 2012, at Coronado, California.

________________________