UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-9068 AHM (AIJx) | Date | June 30, 2021 |
|---|---|---|---|
| Title | Darren Del Nero v. Allstate Insurance Company | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Daisy Rojas | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court GRANTS IN PART and DENIES IN PART the application to file the motion under seal and DENIES the motion to seal.

Before the Court are two unopposed motions filed by Plaintiff Darren Del Nero ("Plaintiff"): (1) a motion to retroactively seal the case, *see generally* Dkt. # 20 ("*Mot.*"); and (2) an application to seal the instant motion, *see generally* Dkt. # 19 ("*App.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court (1) **GRANTS IN PART** and **DENIES IN PART** the application to seal the instant motion and (2) **DENIES** the motion to retroactively seal the case.

I.   Background

Plaintiff initiated this action in the Los Angeles County Superior Court on July 18, 2000 — over twenty years ago — against Defendant Allstate Insurance Company ("Defendant"). *See generally* Dkt. # 1. The complaint alleged that Defendant breached the parties' insurance policy. *See generally id.*

Defendant removed the action to this Court on August 24, 2000. *See generally id.* On September 13, the Court granted Defendant's unopposed motion to transfer the case to the District of Nevada. *See generally* Dkt. # 8.

Plaintiff is a participant in California's Safe At Home Program. *See generally Mot.*; *App.* The Safe At Home program protects crime victims, reproductive health care workers, and public health officials by providing a substitute address that California state and local agencies use for public records. *See* Cal. Gov't Code § 6207(a); Safe At Home,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-9068 AHM (AIJx) | Date | July 1, 2021 |
|---|---|---|---|
| Title | Darren Del Nero v. Allstate Insurance Company | | |

https://www.sos.ca.gov/registries/safe-home (last visited June 25, 2021). Program participants are deemed "protected persons" under the California Code of Civil Procedure, which allows participants to (1) use a pseudonym and redact identifying characteristics when filing court documents, and (2) seek leave to seal public files. *See* Cal. Civ. Proc. Code § 367.3(b). To be accepted to the program, applicants must submit a sworn statement that he or she "is a victim of domestic violence, sexual assault, stalking, human trafficking, or elder or dependent abuse," and that he or she "fears for his or her safety." *See* Cal. Gov't Code § 6206.

Plaintiff states that he enrolled in the program because he escaped two near death experiences and received several threats. *Mot.* 1:17 19; *App.* 1:21 24. Plaintiff insists that his membership in the program provides sufficient reason to seal the entire record in this case or, alternatively, to redact the case and replace his name with a pseudonym. *See generally Mot.* He also asks the Court to seal the instant motion. *See generally App.*

II.   Legal Standard

   A.   Motion to Seal

The party seeking to seal judicial records must demonstrate "compelling reasons" for doing so. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 78 (9th Cir. 2010); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons' standard").[1] This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted).

To overcome the presumption created by this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."

---

[1] A different standard covers the "narrow range of documents" such as "grand jury transcripts" and certain "warrant materials" that "traditionally [have] been kept secret for important policy reasons." *See Kamakana*, 447 F.3d at 1178. This standard is not relevant here. In addition, a different standard is applicable to protect "private materials unearthed during discovery," permitting a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Pintos*, 605 F.3d at 678; Fed. R. Civ. P. 26(c). This standard is also not relevant here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-9068 AHM (AIJx) | Date | July 1, 2021 |
|---|---|---|---|
| Title | Darren Del Nero v. Allstate Insurance Company | | |

*Id.* at 1178 79 (internal quotation marks and citations omitted). In general, "compelling reasons" may be shown where "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal citations omitted). However, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (internal quotation marks and citations omitted).

    B.    <u>Motion to Use a Pseudonym</u>

"[T]he identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all of the parties in the title of the complaint. Nevertheless, parties may proceed anonymously when "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Specifically, parties may use pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* (internal quotation marks and citation omitted). The party may preserve his or her anonymity "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

III.    <u>Discussion</u>

Similar to the two other district courts that have previously addressed the issue of privacy with regard to members of the Safe at Home program, the Court "concludes that the disclosure of information that the Safe At Home program protects would work a serious, clearly defined injury." *Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021); *see Darren D. Chaker v. Law Offices of Winn and Sims, et al.*, No. 06-CV-00599-H-AJB, 2021 WL 2529617, at *2 (S.D. Cal. June 21, 2021). As explained above, the Safe At Home program protects a crime victim's address from the public. Cal. Gov't Code § 6207(a). Because the State of California has determined that Plaintiff "faces some risk or threat when it enrolled him in the Safe At Home program," disclosure of Plaintiff's address "would undermine that program and put [Plaintiff] at risk of the very harms that [the program] is designed to protect." *See Del Nero*, 2021 WL 2375892, at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-9068 AHM (AIJx) | Date | July 1, 2021 |
|---|---|---|---|
| Title | Darren Del Nero v. Allstate Insurance Company | | |

However, Plaintiff fails to present sufficient reasons to seal any other information in the record. "California's Safe at Home *Confidential Address* Program does not protect all information related to Plaintiff from the public eye; it protects Plaintiff's address. Thus, sealing the entire record would be overbroad and undermine the 'strong presumption' favoring the public's interest in this case." *Chaker*, 2021 WL 2529617, at *2 (internal citations omitted).

Similarly, replacing Plaintiff's name with a pseudonym is not warranted. *See id.* Plaintiff fails to explain how redacting his name from this insurance case would protect him from the harm that the Safe At Home program seeks to avoid. Thus, the Court cannot conclude that Plaintiff's interest in using a pseudonym here "outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII*, 214 F.3d at 1068.

Having concluded that Plaintiff's address warrants protection, the Court rules as follows.

First, the Court **GRANTS IN PART** and **DENIES IN PART** the application to seal the instant motion. The Court **GRANTS** Plaintiff's application as to redacting his address and **DENIES** the application in all other respects. In accordance with Local Rule 79-5.2.2, Plaintiff must submit a redacted version of the motion to seal which redacts *only* his address within 30 days. As such, Plaintiff's redacted version must be filed no later than **August 2, 2021**.

Second, the Court **DENIES** Plaintiff's motion to seal in its entirety. The Court has reviewed the record and Plaintiff's address does not appear anywhere. Although the twenty-one-year-old complaint mentions the name of the city that Plaintiff lived in at the time, Plaintiff has not shown that the Safe At Home program protects the name of the city he lived in over twenty years ago. *Chaker*, 2021 WL 2529617, at *2 ("Plaintiff's motion fails to present sufficient reasons to seal any other information in the record, including vague references to cities that Plaintiff may or may not still reside in, considering that this case is over fifteen years old.").

IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the application to seal the instant motion and **DENIES** the motion. The Court **ORDERS** Plaintiff to submit a redacted version of his motion to seal by **August 2, 2021**.

**IT IS SO ORDERED.**